**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

AJENE EDO,
  *Plaintiff-Appellant,*

v.

GEICO CASUALTY COMPANY,
  *Defendant,*

and

GEICO GENERAL INSURANCE
COMPANY; GEICO INDEMNITY
COMPANY; GOVERNMENT EMPLOYEES
INSURANCE COMPANY, Subsidiaries
of Geico corporation,
  *Defendants-Appellees.*

No. 04-35279

D.C. No.
CV-02-00678-AJB

OPINION

On Remand From The United States Supreme Court

Filed January 9, 2008

Before: Stephen Reinhardt, Marsha S. Berzon, and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

341

**OPINION**

PER CURIAM:

This appeal comes before us on remand from the Supreme Court. *See Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201 (2007). The Court affirmed our holding in *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081 (9th Cir. 2006), that liability under 15 U.S.C. § 1681n(a) for "willfully fail[ing] to comply" with the Fair Credit Reporting Act (FCRA) includes reckless disregard of statutory duties. *Burr*, 127 S.Ct. at 2208. The Court also agreed with our holding that quoting or charging a first-time premium can be "an increase in any charge for . . . any insurance, existing or applied for." *Id.* at 2210 (quoting 15 U.S.C. § 1681a(k)(1)(B)(i)). In addition, the Court held that notice is required only when consideration of a consumer's credit report is a necessary condition for the increased rate. *Id.* at 2212 (citing 15 U.S.C. § 1681m(a)). Finally, reversing our holding, the Court held that the baseline for determining whether a first-time rate is a disadvantageous increase is the rate the applicant would have received had the company not taken his credit score into account. *Id.* at 2213.

The Court held that GEICO was not liable because "the initial rate offered to Edo was the one he would have received if his credit score had not been taken into account, and GEICO owed him no adverse action notice under § 1681m(a)." *Id.* at 2214. The Court rejected Edo's alternative theory that GEICO's offer of a policy with one subsidiary was an "adverse action" because it amounted to a "denial" of insurance through a lower cost policy with another subsidiary. *Id.* at 2214 n.17.

Plaintiffs did not raise on appeal any basis for liability other than the theories rejected by the Court. Therefore we affirm the district court's summary judgment.

AFFIRMED.